**E-FILED**
Tuesday, 07 April, 2009  04:56:25 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, <br><br> Plaintiff, <br><br> vs. <br><br> TIMOTHY SMITH, D.O.; TODD PETTY, M.D.; MANOOCHER NASSERY, M.D.; HRISHIKESH P. GHANEKAR, M.D.; QUINCY PHYSICIANS & SURGEONS CLINIC, S.C. d/b/a QUINCY MEDICAL GROUP; WILLIAM BIRSIC, M.D.; BLESSING CORPORATE SERVICES, INC. d/b/a BLESSING PHYSICIAN SERVICES; and BLESSING HOSPITAL, <br><br> Defendants. | No. _____ |

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

NOW COMES MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, by and through her attorneys LONDRIGAN, POTTER & RANDLE, P.C. and for her Complaint against the Defendants states as follows:

### JURISDICTION

1.     This action is brought pursuant to 28 U.S.C. § 1332 on grounds of diversity of citizenship.

2.     The Plaintiff's decedent, JOYCE AARON, was a citizen of the State of Michigan at the time of her death.

3.     All of the individual Defendants are citizens of the State of Illinois and were doing business in Quincy, Illinois at the time of the occurrences alleged in the Complaint.

4.     Quincy Physicians & Surgeons Clinic, S.C. d/b/a Quincy Medical Group (hereinafter Quincy Medical Group) is an Illinois medical corporation with its principal place of business located in Quincy, Illinois.

5.     Blessing Hospital is an Illinois not-for-profit corporation with its principal place of business located in Quincy, Illinois.

6.     Blessing Corporate Services, Inc. d/b/a Blessing Physician Services is an Illinois not-for-profit corporation with its principal place of business located in Quincy, Illinois.

7.     There is more than $75,000.00 in controversy between the parties.

<u>COUNT I</u>
(Timothy Smith, D.O., Wrongful Death)

As her Complaint against the Defendant TIMOTHY SMITH, D.O., the Plaintiff states:

8.     Contemporaneously with the filing of this Complaint the Plaintiff MICHELLE METZ has filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron. See accompanying Petition for Appointment of Special Administrator.

9.     This count is filed pursuant to the Wrongful Death Act, 740 ILCS 180/2.

10.     On June 9, 2008, the Plaintiff's decedent JOYCE AARON was admitted to Blessing Hospital with a diagnosis of a probable small bowel perforation.

11.     On June 19, 2008, and continuing through June 22, 2008, the Defendant TIMOTHY SMITH, D.O. was JOYCE AARON's attending physician in charge of her medical care while she was a patient at Blessing Hospital.

12.    TIMOTHY SMITH, D.O. was at all times mentioned herein a licensed physician specializing in the practice of surgery in Quincy, Illinois.

13.    TIMOTHY SMITH, D.O. was at all times mentioned herein an employee of the Quincy Medical Group.

14.    On June 9, 2008, JOYCE AARON underwent bowel surgery to repair her small bowel perforation.

15.    During the period from June 19, 2008, through June 22, 2008, as a post-operative hospitalized general surgery patient, JOYCE AARON was at risk for the development of blood clots in her legs deep vein thrombosis (DVT) and lungs, pulmonary emboli (PE).

16.    During the period from June 19, 2008, through June 22, 2008, Blessing Hospital had order sets in effect for all hospitalized patients which set forth various criteria for which patients needed pharmacologic prophylaxis for DVT and PE.

17.    During the period from June 19, 2008, through June 22, 2008, JOYCE AARON met Blessing Hospital's criteria for pharmacologic DVT prophylaxis.

18.    During the period between June 19, 2008, and June 22, 2008, the Defendant TIMOTHY SMITH, D.O. did not order any drugs for DVT and PE prophylaxis for JOYCE AARON.

19.    On June 22, 2008, between 10:00 and 11:00 a.m. the Plaintiff's decedent developed shortness of breath, a rapid heart rate, a blood pressure of 92/74, chest pain and restlessness.

20.    All of the symptoms listed in the preceding paragraph are consistent with acute PE.

21.    The Defendant TIMOTHY SMITH, D.O. was advised of the symptoms listed in Paragraph 19 at approximately 10:55 a.m. on June 22, 2008.

22.    JOYCE AARON went into cardiac arrest at approximately 11:50 a.m. on June 22, 2008, as a result of probable acute PE.

23.    JOYCE AARON died on June 23, 2008, as a result of a probable PE and complications of the cardiac arrest.

24.    That at the times and place mentioned above, the Defendant TIMOTHY SMITH, D.O. committed one or more of the following negligent acts or omissions:

      a)    During the period June 19 - 22, 2008, the Defendant failed to order any blood thinning drugs as DVT and PE prophylaxis;

      b)    At 10:55 a.m. on June 22, 2008, the Defendant refused to promptly come in to see JOYCE AARON despite JOYCE AARON's development of signs and symptoms of acute PE and despite urgent request by the nursing staff;

      c)    At 10:55 a.m. on June 22, 2008, the Defendant refused to give any new orders for JOYCE AARON despite her development of signs and symptoms of acute PE and despite urgent request by the nursing staff;

25.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions, JOYCE AARON developed PE which went untreated leading to cardiac arrest and death.

26.    JOYCE AARON left as her only next of kin, her adult daughters Misty Johnson and Michelle Metz.

27.    As a direct and proximate result of the death of Joyce Aaron the next of kin have been deprived of the loss of income services, society and companionship that Joyce Aaron had customarily given to the next of kin in the past.

28.    The Plaintiff attaches hereto an affidavit and report according to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant TIMOTHY SMITH, D.O. in the amount in excess of $75,000.00 and sufficient to compensate the next of kin in their loss and costs of suit.

## PLAINTIFF DEMANDS TRIAL BY JURY

### COUNT II
(Timothy Smith, D.O., Survival Act)

As her second cause of action against the Defendant TIMOTHY SMITH, D.O. the Plaintiff alleges:

8.    Contemporaneously with this Complaint the Plaintiff MICHELLE METZ has filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron.  See accompanying Petition for Appointment of Special Administrator.

9.    This count is brought pursuant to the Survival Act 755 ILCS 5/27-6 for the pain and suffering experienced prior to her death and funeral and burial expenses.

10. - 25.  Plaintiff repeats and re-alleges Paragraphs 10 - 25 of Count I as and for Paragraphs 10 - 25 of Count II.

26.    As a direct and proximate result of one or more of the foregoing negligent

acts or omissions JOYCE AARON experienced great pain and suffering before her death and incurred funeral and burial expenses as a result of her death.

27.    The Plaintiff attaches hereto an affidavit and report according to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant TIMOTHY SMITH, D.O. in the amount in excess of $75,000.00 and sufficient to compensate the estate for its loss and costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

<u>COUNT III</u>
(Todd Petty, M.D., Wrongful Death)

As her first cause of action against the Defendant TODD PETTY, M.D. the Plaintiff alleges:

8.    Contemporaneously with this Complaint the Plaintiff MICHELLE METZ has filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron.    See accompanying Petition for Appointment of Special Administrator.

9.    This count is filed pursuant to the Wrongful Death Act, 740 ILCS 180/2.

10.    On June 9, 2008, the Plaintiff's decedent JOYCE AARON was admitted to Blessing Hospital with a diagnosis of a probable small bowel perforation.

11.    On June 9, 2008, and continuing through June 12, 2008, the Defendant TODD PETTY, M.D. was JOYCE AARON's attending physician in charge of her medical care while she was a patient at Blessing Hospital.

12.   TODD PETTY, M.D. was at all times mentioned herein a licensed physician specializing in the practice of surgery in Quincy, Illinois.

13.   TODD PETTY, M.D. was at all times mentioned herein an employee of the Quincy Medical Group.

14.   On June 9, 2008, the Defendant TODD PETTY, M.D. performed bowel surgery on JOYCE AARON to repair her small bowel perforation.

15.   During the period starting on June 9, 2008, and continuing for the duration of her hospitalization, JOYCE AARON was at risk for the development of blood clots in her legs (DVT) and lungs (PE).

16.   During the period from June 9, 2008, through June 22, 2008, Blessing Hospital had order sets in effect for all hospitalized patients which set forth various criteria for which patients needed pharmacologic prophylaxis for DVT and PE.

17.   During the period from June 10, 2008, through June 22, 2008, JOYCE AARON met Blessing Hospital's criteria for pharmacologic DVT prophylaxis.

18.   During the period between June 9, 2008, and June 12, 2008, the Defendant TODD PETTY, M.D. did not order any drugs for DVT and PE prophylaxis for JOYCE AARON.

19.   On June 22, 2008, between 10:00 and 11:00 a.m., JOYCE AARON developed shortness of breath, a rapid heart rate, a blood pressure of 92/74, chest pain and restlessness.

20.   All of the symptoms listed in the preceding paragraph are consistent with acute PE.

21.   JOYCE AARON went into cardiac arrest at approximately 11:50 a.m. on June

22, 2008, as a result of probable acute PE.

22.   JOYCE AARON died on June 23, 2008, as a result of a probable PE and complications of the cardiac arrest.

23.   That during the period between June 9 and 12, 2008, the Defendant TODD PETTY, M.D. committed one or more of the following negligent acts or omissions:

> a)   He failed to order any blood thinning drugs as DVT and PE prophylaxis.

24.   As a direct and proximate result of one or more of the foregoing negligent acts or omissions, JOYCE AARON developed PE which went untreated leading to cardiac arrest and death.

25.   JOYCE AARON left as her only next of kin, her adult daughters Misty Johnson and Michelle Metz.

26.   As a direct and proximate result of the death of Joyce Aaron the next of kin have been deprived of the loss of income services, society and companionship that Joyce Aaron had customarily given to the next of kin in the past.

27.   The Plaintiff attaches hereto an affidavit and report according to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant TODD PETTY, M.D. in the amount in excess of $75,000.00 and sufficient to compensate the next of kin in their loss and costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

<u>COUNT IV</u>

Page 8 of 31

(Todd Petty, M.D., Survival Act)

As her second cause of action against the Defendant TODD PETTY, M.D., the Plaintiff alleges:

8.      Contemporaneously with this Complaint the Plaintiff MICHELLE METZ has filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron.   See accompanying Petition for Appointment of Special Administrator.

9.      This count is brought pursuant to the Survival Act 27 ILCS 5/27-6 for the pain and suffering experienced prior to her death and funeral and burial expenses.

10. - 24.  Plaintiff repeats and re-alleges Paragraphs 10 - 24 of Count III as and for Paragraphs 10 - 24 of Count IV.

25.      As a direct and proximate result of one or more of the foregoing negligent acts or omissions JOYCE AARON experienced great pain and suffering before her death and incurred funeral and burial expenses as a result of her death.

26.      The Plaintiff attaches hereto an affidavit and report according to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant TODD PETTY, M.D. in the amount in excess of $75,000.00 and sufficient to compensate the estate for its loss and costs of suit.

### PLAINTIFF DEMANDS TRIAL BY JURY

<u>COUNT V</u>
(Manoocher Nassery, M.D., Wrongful Death)

As her Complaint against the Defendant MANOOCHER NASSERY, M.D., the Plaintiff states:

8.     Contemporaneously with this Complaint the Plaintiff MICHELLE METZ has filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron.   See accompanying Petition for Appointment of Special Administrator.

9.     This count is filed pursuant to the Wrongful Death Act, 740 ILCS 180/2.

10.     On June 9, 2008, the Plaintiff's decedent JOYCE AARON was admitted to Blessing Hospital with a diagnosis of a probable small bowel perforation.

11.     On June 10, 2008, and continuing through June 22, 2008, the Defendant MANOOCHER NASSERY, M.D. was in charge of Plaintiff's decedent's non-surgical medical care while she was a patient at Blessing Hospital.

12.     MANOOCHER NASSERY, M.D. was at all times mentioned herein a licensed physician specializing in the practice of pulmonology and internal medicine in Quincy, Illinois.

13.     MANOOCHER NASSERY, M.D. was at all times mentioned herein an employee of the Quincy Medical Group.

14.     On June 9, 2008, JOYCE AARON underwent bowel surgery to repair her small bowel perforation.

15.     During the period from June 10, 2008, and continuing through June 22, 2008, as a post-operative hospitalized general surgery patient, JOYCE AARON was at risk for the development of blood clots in her legs (DVT) and lungs (PE).

16.     During the period from June 9, 2008, through June 22, 2008, Blessing

Hospital had order sets in effect for all hospitalized patients which set forth various criteria for which patients needed pharmacologic prophylaxis for DVT and PE.

17.    During the period from June 9, 2008, through June 22, 2008, Plaintiff's decedent met Blessing Hospital's criteria for pharmacologic DVT prophylaxis.

18.    During the period from June 10, 2008, and continuing through June 22, 2008, the Defendant MANOOCHER NASSERY, M.D. did not order any drugs for DVT and PE prophylaxis for JOYCE AARON.

19.    On June 22, 2008, between 10:00 and 11:00 a.m. JOYCE AARON developed shortness of breath, a rapid heart rate, a blood pressure of 92/74, chest pain and restlessness.

20.    All of the symptoms listed in the preceding paragraph are consistent with an acute PE.

21.    JOYCE AARON went into cardiac arrest at approximately 11:50 a.m. on June 22, 2008, as a result of probable acute PE.

22.    JOYCE AARON died on June 23, 2008, as a result of a probable PE and complications of the cardiac arrest.

23.    That during the period between June 10 and 22, 2008, the Defendant MANOOCHER NASSERY, M.D. committed one or more of the following negligent acts or omissions:

　　　　a)    He failed to order or request that any blood thinning drugs as DVT and PE prophylaxis be ordered for JOYCE AARON.

24.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions, JOYCE AARON developed PE which went untreated leading to cardiac

arrest and death.

25.    JOYCE AARON left as her only next of kin, her adult daughters Misty Johnson and Michelle Metz.

26.    As a direct and proximate result of the death of Joyce Aaron the next of kin have been deprived of the loss of income services, society and companionship that Joyce Aaron had customarily given to the next of kin in the past.

27.    The Plaintiff attaches hereto an affidavit and report according to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant MANOOCHER NASSERY, M.D. in the amount in excess of $75,000.00 and sufficient to compensate the next of kin in their loss and costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

<u>COUNT VI</u>
(Manoocher Nessery, M.D., Survival Act)

As her second cause of action against the Defendant MANOOCHER NASSERY, M.D. the Plaintiff alleges:

8.    Contemporaneously with this Complaint the Plaintiff MICHELLE METZ has filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron.   See accompanying Petition for Appointment of Special Administrator.

9.    This count is brought pursuant to the Survival Act 27 ILCS 5/27-6 for the pain and suffering experienced prior to her death and funeral and burial expenses.

10. - 24.  Plaintiff repeats and re-alleges Paragraphs 10 - 24 of Count V as and for Paragraphs 10 - 24 of Count VI.

25.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions JOYCE AARON experienced great pain and suffering before her death and incurred funeral and burial expenses as a result of her death.

26.     The Plaintiff attaches hereto an affidavit and report according to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant MANOOCHER NASSERY, M.D. in the amount in excess of $75,000.00 and sufficient to compensate the estate for its loss and costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

<u>COUNT VII</u>
(Hrishikesh Ghanekar, M.D., Wrongful Death)

As her Complaint against the Defendant HRISHIKESH GHANEKAR, M.D., the Plaintiff states

8.     Contemporaneously with this Complaint the Plaintiff MICHELLE METZ has filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron.   See accompanying Petition for Appointment of Special Administrator.

9.     This count is filed pursuant to the Wrongful Death Act, 740 ILCS 180/2.

10.     On June 9, 2008, the Plaintiff's decedent JOYCE AARON was admitted to Blessing Hospital with a diagnosis of a probable small bowel perforation.

11.     On June 22, 2008, the Defendant HRISHIKESH GHANEKAR, M.D. was on call for the care of Manoocher Nassery, M.D.'s patients at Blessing Hospital.

12.     HRISHIKESH GHANEKAR, M.D. was at all times mentioned herein a licensed physician practicing internal medicine at Blessing Hospital in Quincy, Illinois.

13.     HRISHIKESH GHANEKAR, M.D. was at all times mentioned herein an employee of the Quincy Medical Group.

14.     On June 9, 2008, Plaintiff's decedent underwent bowel surgery to repair her small bowel perforation.

15.     During the period from June 10, 2008, through June 22, 2008, as a post-operative hospitalized general surgery patient, the Plaintiff's decedent was at risk for the development of blood clots in her legs (DVT) and lungs (PE).

16.     During the period from June 9, 2008, through June 22, 2008, Blessing Hospital had order sets in effect for all hospitalized patients set forth various criteria for which patients needed pharmacologic prophylaxis for DVT and PE.

17.     During the period from June 19, 2008, through June 22, 2008, Plaintiff's decedent met Blessing Hospital's criteria for pharmacologic DVT prophylaxis.

18.     During the period from June 9, 2008, through June 22, 2008, no physician ordered any drugs for DVT and PE prophylaxis.

19.     On June 22, 2008, at or before 10:15 a.m. the Defendant HRISHIKESH GHANEKAR, M.D. was notified by the nursing staff at Blessing Hospital JOYCE AARON was complaining of shortness of breath, chest pain and an elevated heart rate.

20.     On June 22, 2008, at approximately 10:15 a.m. the Defendant HRISHIKESH GHANEKAR, M.D. ordered a stat CT angio to rule out PE.

21.     On June 22, 2008, at approximately 10:40 a.m. the Defendant HRISHIKESH GHANEKAR, M.D. was notified again of a change in Joyce Aaron's condition.

22.     On June 22, 2008, at approximately 10:49 a.m. the Defendant HRISHIKESH GHANEKAR, M.D. was notified JOYCE AARON developed shortness of breath, a rapid heart rate, a blood pressure of 92/74, chest pain and restlessness.

23.     All of the symptoms listed in the preceding paragraph are consistent with acute PE.

24.     On June 22, 2008, at approximately 11:45 a.m. the Defendant HRISHIKESH GHANEKAR, M.D. came in to see Joyce Aaron.

25.     JOYCE AARON went into cardiac arrest at approximately 11:50 a.m. on June 22, 2008, as a result of probable acute PE.

26.     JOYCE AARON died on June 23, 2008, as a result of a probable PE and complications of the cardiac arrest.

27.     That on June 22, 2008, the Defendant HRISHIKESH GHANEKAR, M.D. committed one or more of the foregoing negligent acts or omissions:

        a)      he failed to promptly arrive to evaluate Joyce Aaron's medical status;

        b)      he failed to order heparin to treat Joyce Aaron's probable PE; and

        c)      he failed to get a chest x-ray to check on the placement of the intubation tube.

28.     As a direct and proximate result of one or more of the foregoing negligent acts, Joyce Aaron's PE went untreated leading to cardiac arrest; and Joyce Aaron suffered a probable pneumothorax which went undiagnosed and untreated following the cardiac arrest and died.

29.     The Plaintiff attaches hereto an affidavit and report according to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant HRISHIKESH GHANEKAR, M.D. in the amount in excess of $75,000.00 and sufficient to compensate the next of kin in their loss and costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

<u>COUNT VIII</u>
(Hrishikesh Ghanekar, M.D., Survival Act)

As her second cause of action against the Defendant HRISHIKESH GHANEKAR, M.D. the Plaintiff alleges:

8.     Contemporaneously with this Complaint the Plaintiff MICHELLE METZ has filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron.   See accompanying Petition for Appointment of Special Administrator.

9.     This count is brought pursuant to the Survival Act 55 ILCS 5/27-6 for the pain and suffering experienced prior to her death and funeral and burial expenses.

10 - 28.  Plaintiff repeats and re-alleges Paragraphs 10 - 28 of Count VII as and for Paragraphs 10 - 28 of Count VIII.

29.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions JOYCE AARON experienced great pain and suffering before her death and incurred funeral and burial expenses as a result of her death.

30.     The Plaintiff attaches hereto an affidavit and report according to 735 ILCS

5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant HRISHIKESH GHANEKAR, M.D. in the amount in excess of $75,000.00 and sufficient to compensate the estate for its loss and costs of suit.

## PLAINTIFF DEMANDS TRIAL BY JURY

### COUNT IX
(Quincy Medical Group, Wrongful Death)

As her Complaint against the Defendant QUINCY MEDICAL GROUP, the Plaintiff states:

8.      Contemporaneously with this Complaint the Plaintiff MICHELLE METZ has filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron.    See accompanying Petition for Appointment of Special Administrator.

9.      This count is filed pursuant to the Wrongful Death Act, 740 ILCS 180/2.

10.      On June 9, 2008, the Plaintiff's decedent JOYCE AARON was admitted to Blessing Hospital with a diagnosis of a probable small bowel perforation.

11.      During the period between June 9 - 22, 2008, the Plaintiff's decedent was under the care at the specific times indicated in Paragraph 11 of Counts I, III, V and VII by Defendants TIMOTHY SMITH, D.O., TODD  PETTY, M.D., MANOOCHER NASSERY, M.D., and HRISHIKESH GHANEKAR, M.D.

12.      At all times mentioned herein, TIMOTHY SMITH, M.D., TODD PETTY, M.D., MANOOCHER NASSERY, M.D., and HRISHIKESH GHANEKAR, M.D. were acting in the

scope and course of their employment as physicians employed by the QUINCY MEDICAL GROUP.

13.     The Defendant QUINCY MEDICAL GROUP is a medical corporation whose employee physicians are engaged in the practice of medicine in Quincy, Illinois and elsewhere.

14.     On June 9, 2008, Plaintiff's decedent underwent bowel surgery to repair her small bowel perforation.

15.     During the period from June 10, 2008, through June 22, 2008, as a post-operative hospitalized general surgery patient, JOYCE AARON was at risk for the development of blood clots in her legs (DVT) and lungs (PE).

16.     During the period from June 19, 2008, through June 22, 2008, Blessing Hospital had order sets in effect for all hospitalized patients which set forth various criteria for which patients needed pharmacologic prophylaxis for DVT and PE.

17.     During the period from June 9, 2008, through June 22, 2008, Plaintiff's decedent met Blessing Hospital's criteria for pharmacologic DVT prophylaxis.

18.     During the period from June 9, 2008, through June 22, 2008, no physician ordered any drugs for DVT and PE prophylaxis for JOYCE AARON.

19.     On June 22, 2008, at or before 10:15 a.m. the Defendant HRISHIKESH GHANEKAR, M.D. was notified by the nursing staff at Blessing Hospital that Plaintiff's decedent was complaining of shortness of breath, chest pain and an elevated heart rate.

20.     On June 22, 2008, at approximately 10:15 a.m. the Defendant HRISHIKESH GHANEKAR, M.D. ordered a stat CT angio to rule out PE.

21.     On June 22, 2008, at approximately 10:40 a.m. the Defendant HRISHIKESH

GHANEKAR, M.D. was notified again of a change in Joyce Aaron's condition.

22.  On June 22, 2008, at approximately 10:49 a.m. the Defendant HRISHIKESH GHANEKAR, M.D. was notified the Plaintiff's decedent developed shortness of breath, a rapid heart rate, a blood pressure of 92/74, chest pain and restlessness.

23.  All of the symptoms listed in the preceding paragraph are consistent with an acute PE.

24.  The Defendant TIMOTHY SMITH, D.O. was advised of the symptoms listed in Paragraph 22 at approximately 10:55 a.m. on June 22, 2008.

25.  JOYCE AARON went into cardiac arrest at approximately 11:50 a.m. on June 22, 2008, as a result of probable acute PE.

26.  JOYCE AARON died on June 23, 2008, as a result of a probable PE and complications of the cardiac arrest.

27.  During the period from June 10, 2008, through June 22, 2008, the Defendant QUINCY MEDICAL GROUP through one or more of its agents committed one or more of the following negligent acts:

    a)  through its agent, TIMOTHY SMITH, D.O., the Defendant QUINCY MEDICAL GROUP during the period June 19 - 22, 2008, failed to order any blood thinning drugs as DVT and PE prophylaxis;

    b)  through its agent TIMOTHY SMITH, D.O., the Defendant QUINCY MEDICAL GROUP at 10:55 a.m. on June 22, 2008, refused to promptly come in to see JOYCE AARON despite JOYCE AARON's development of signs and symptoms of acute PE and despite urgent request by the nursing staff;

c)      through its agent TIMOTHY SMITH, D.O., the Defendant QUINCY MEDICAL GROUP at 10:55 a.m. on June 22, 2008, refused to give any new orders for JOYCE AARON despite her development of signs and symptoms of acute PE and despite urgent request by the nursing staff;

d)      during the period from June 9 - 22, 2008, through its agents TODD PETTY, M.D. and HRISHIKESH GHANEKAR, M.D. it failed to order any blood thinning drugs as DVT and PE prophylaxis;

e)      on June 22, 2008, through its agent HRISHIKESH GHANEKAR, M.D. it failed to promptly arrive to evaluate Joyce Aaron's medical status;

f)      on June 22, 2008, through its agent HRISHIKESH GHANEKAR, M.D., it failed to order heparin to treat Joyce Aaron's probable PE; and

g)      on June 22, 2008, through its agent HRISHIKESH GHANEKAR, M.D. it failed to get a chest x-ray to check on the placement of the intubation tube.

28.     As a direct and proximate result of one or more of the foregoing negligent acts Joyce Aaron developed PE, her PE went untreated leading to cardiac arrest; and Joyce Aaron suffered a probable pneumothorax which went undiagnosed and untreated following the cardiac arrest and died.

29.     The Plaintiff's decedent left as her only next of kin, her adult daughters Misty Johnson and Michelle Metz.

30.     As a direct and proximate result of the death of Joyce Aaron the next of kin have been deprived of the loss of income services, society and companionship that Joyce

Aaron had customarily given to the next of kin in the past.

31.    The Plaintiff attaches hereto an affidavit and report according to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant QUINCY MEDICAL GROUP in the amount in excess of $75,000.00 and sufficient to compensate the next of kin in their loss and costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

<u>COUNT X</u>
(Quincy Medical Group, Survival Act)

As her second cause of action against the Defendant QUINCY MEDICAL GROUP the Plaintiff alleges:

8.    Contemporaneously with this Complaint the Plaintiff MICHELLE METZ has filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron.   See accompanying Petition for Appointment of Special Administrator.

9.    This count is brought pursuant to the Survival Act 55 ILCS 5/27-6 for the pain and suffering experienced prior to her death and funeral and burial expenses.

10. - 28.  Plaintiff repeats and re-alleges Paragraphs 10 - 28 of Count IX as and for Paragraphs 10 - 28 of Count X.

29.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions the Plaintiff's decedent experienced great pain and suffering before her death and incurred funeral and burial expenses as a result of her death.

30.    The Plaintiff attaches hereto an affidavit and report according to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant QUINCY MEDICAL GROUP in the amount in excess of $75,000.00 and sufficient to compensate the estate for its loss and costs of suit.

### PLAINTIFF DEMANDS TRIAL BY JURY

<u>COUNT XI</u>
(William Birsic, M.D., Wrongful Death)

As her first cause of action against the Defendant WILLIAM BIRSIC, M.D. the Plaintiff alleges:

8.    Contemporaneously with this Complaint the Plaintiff MICHELLE METZ has filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron.   See accompanying Petition for Appointment of Special Administrator.

9.    This count is filed pursuant to the Wrongful Death Act, 740 ILCS 180/2.

10.    On June 9, 2008, the Plaintiff's decedent JOYCE AARON was admitted to Blessing Hospital with a diagnosis of a probable small bowel perforation.

11.    On June 13, 2008, and continuing through June 18, 2008, the Defendant WILLIAM BIRSIC, M.D. was the Plaintiff's decedent's attending physician in charge of her medical care while she was a patient at Blessing Hospital.

12.    WILLIAM BIRSIC, M.D. was at all times mentioned herein a licensed physician specializing in the practice of surgery in Quincy, Illinois.

13.    WILLIAM BIRSIC, M.D. was at all times mentioned herein an employee of Blessing Physician Services.

14.    On June 9, 2008, Plaintiff's decedent underwent bowel surgery to repair her small bowel perforation.

15.    During the period starting on June 10, 2008, and continuing for the duration of her hospitalization the Plaintiff's decedent was at risk for the development of blood clots in her legs (DVT) and lungs (PE).

16.    During the period from June 9, 2008, through June 22, 2008, Blessing Hospital had order sets in effect for all hospitalized patients set forth various criteria for which patients needed pharmacologic prophylaxis for DVT and PE.

17.    During the period from June 9, 2008, through June 22, 2008, JOYCE AARON met Blessing Hospital's criteria for pharmacologic DVT prophylaxis.

18.    During the period between June 13, 2008, and June 18, 2008, the Defendant WILLIAM BIRSIC, M.D. did not order any drugs for DVT and PE prophylaxis.

19.    On June 22, 2008, between 10:00 and 11:00 a.m. the Plaintiff's decedent developed shortness of breath, a rapid heart rate, a blood pressure of 92/74, chest pain and restlessness.

20.    All of the symptoms listed in the preceding paragraph are consistent with acute PE.

21.    JOYCE AARON went into cardiac arrest at approximately 11:50 a.m. on June 22, 2008, as a result of probable acute PE.

22.    JOYCE AARON died on June 23, 2008, as a result of a probable PE and complications of the cardiac arrest.

23.    During the period between June 13 - 18, 2008, the Defendant WILLIAM BIRSIC, M.D. committed one or more of the following negligent acts or omissions:

        a)    He failed to order any blood thinning drugs as DVT and PE prophylaxis.

24.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions, JOYCE AARON developed PE which went untreated leading to cardiac arrest and death.

25.    JOYCE AARON left as her only next of kin her adult daughters Misty Johnson and Michelle Metz.

26.    As a direct and proximate result of the death of Joyce Aaron the next of kin have been deprived of the loss of income services, society and companionship that Joyce Aaron had customarily given to the next of kin in the past.

27.    The Plaintiff attaches hereto an affidavit and report according to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant WILLIAM BIRSIC, M.D. in the amount in excess of $75,000.00 and sufficient to compensate the next of kin in their loss and costs of suit.

## PLAINTIFF DEMANDS TRIAL BY JURY

### COUNT XII
(William Birsic, M.D., Survival Act)

As her second cause of action against the Defendant WILLIAM BIRSIC, M.D. the Plaintiff alleges:

8.    Contemporaneously with this Complaint the Plaintiff MICHELLE METZ has filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron.    See accompanying Petition for Appointment of Special Administrator.

9.    This count is brought pursuant to the Survival Act 27 ILCS 5/27-6 for the pain and suffering experienced prior to her death and funeral and burial expenses.

10. - 24.  Plaintiff repeats and re-alleges Paragraphs 10 - 24 of Count XI as and for Paragraphs 10 - 24 of Count XII.

25.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions JOYCE AARON experienced great pain and suffering before her death and incurred funeral and burial expenses as a result of her death.

26.    The Plaintiff attaches hereto an affidavit and report according to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant WILLIAM BIRSIC, M.D. in the amount in excess of $75,000.00 and sufficient to compensate the estate for its loss and costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

<u>COUNT XIII</u>
(Blessing Physician Services, Wrongful Death)

As her second cause of action against the Defendant BLESSING PHYSICIAN SERVICES the Plaintiff alleges:

8.    Contemporaneously with this Complaint the Plaintiff MICHELLE METZ has

filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron.  See attached Petition for Appointment of Special Administrator.

9.      This count is brought pursuant to the Survival Act 27 ILCS 5/27-6 for the pain and suffering experienced prior to her death and funeral and burial expenses.

10. - 22.  Plaintiff repeats and re-alleges Paragraphs 10 - 22 of Count XI as and for Paragraphs 10 - 22 of Count XIII.

23.     During the period between June 13 - 18, 2008, the Defendant BLESSING PHYSICIAN SERVICES through its agent committed one or more of the following negligent acts or omissions:

    a)      It failed to order any blood thinning drugs as DVT and PE prophylaxis.

24.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions, JOYCE AARON developed PE which went untreated leading to cardiac arrest and death.

25.     JOYCE AARON left as her only next of kin her adult daughters Misty Johnson and Michelle Metz.

26.     As a direct and proximate result of the death of Joyce Aaron the next of kin have been deprived of the loss of income services, society and companionship that Joyce Aaron had customarily given to the next of kin in the past.

27.     The Plaintiff attaches hereto an affidavit and report according to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant BLESSING PHYSICIAN SERVICES in the amount in excess of $75,000.00 and sufficient

to compensate the next of kin in their loss and costs of suit.

## PLAINTIFF DEMANDS TRIAL BY JURY

### COUNT XIV
(Blessing Physician Services, Survival Act)

As her second cause of action against the Defendant BLESSING PHYSICIAN SERVICES the Plaintiff alleges:

8.      Contemporaneously with this Complaint the Plaintiff MICHELLE METZ has filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron.   See accompanying Petition for Appointment of Special Administrator.

9.      This count is brought pursuant to the Survival Act 27 ILCS 5/27-6 for the pain and suffering experienced prior to her death and funeral and burial expenses.

10. - 24.  Plaintiff repeats and re-alleges Paragraphs 10 - 24 of Count XIII as and for Paragraphs 10 - 24 of Count XIV.

25.      As a direct and proximate result of one or more of the foregoing negligent acts or omissions JOYCE AARON experienced great pain and suffering before her death and incurred funeral and burial expenses as a result of her death.

26.      The Plaintiff attaches hereto an affidavit and report according to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant BLESSING PHYSICIAN SERVICES in the amount in excess of $75,000.00 and sufficient to compensate the estate for its loss and costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

<u>COUNT XV</u>
(Blessing Hospital, Wrongful Death, Respondent Superior)

As her Complaint against the Defendant BLESSING HOSPITAL, the Plaintiff states:

8.      Contemporaneously with this Complaint the Plaintiff MICHELLE METZ has filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron.   See accompanying Petition for Appointment of Special Administrator.

9.      This count is filed pursuant to the Wrongful Death Act, 740 ILCS 180/2.

10.      On June 9, 2008, the Plaintiff's decedent JOYCE AARON was admitted to Blessing Hospital with a diagnosis of a probable small bowel perforation.

11.      The Plaintiff's decedent remained a patient of BLESSING HOSPITAL through June 23, 2008.

12.      The Defendant BLESSING HOSPITAL is a licensed hospital located in Quincy, Illinois.

13.      In order to carry out its functions as a hospital, the Defendant BLESSING HOSPITAL employed various employees including nurses and radiology technicians to tend to its patients.

14.      On June 9, 2008, JOYCE AARON underwent bowel surgery to repair her small bowel perforation.

15.      During the period from June 9, 2008, through June 22, 2008, as a post-operative hospitalized general surgery patient, the Plaintiff's decedent was at risk for the development of blood clots in her legs (DVT) and lungs (PE).

16.     During the period from June 9, 2008, through June 22, 2008, no physician ordered any drugs for DVT and PE prophylaxis.

17.     On June 22, 2008, between 10:00 and 11:00 a.m., JOYCE AARON developed shortness of breath, a rapid heart rate, a blood pressure of 92/74, chest pain and restlessness.

18.     All of the symptoms listed in the preceding paragraph are consistent with an acute PE.

19.     On June 22, 2008, at 10:15 a.m., HRISHIKESH GHANEKAR, M.D. ordered a stat CT scan to rule out PE.

20.     JOYCE AARON went into cardiac arrest at approximately 11:50 a.m. on June 22, 2008, as a result of probable acute PE.

21.     The Plaintiff's decedent died on June 23, 2008, as a result of a probable PE and complications of the cardiac arrest.

22.     On June 22, 2008, the Defendant BLESSING HOSPITAL committed one or more of the following negligent acts through its agents:

        a)      it failed to get a stat CT as ordered at 10:15 a.m. on June 22, 2008.

23.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions, JOYCE AARON developed PE which went untreated leading to cardiac arrest and death.

24.     JOYCE AARON left as her only next of kin her adult daughters Misty Johnson and Michelle Metz.

25.     As a direct and proximate result of the death of Joyce Aaron the next of kin have been deprived of the loss of income services, society and companionship that Joyce

Aaron had customarily given to the next of kin in the past.

26.     The Plaintiff attaches hereto an affidavit and report according to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant BLESSING HOSPITAL in the amount in excess of $75,000.00 and sufficient to compensate the next of kin in their loss and costs of suit.

## PLAINTIFF DEMANDS TRIAL BY JURY

### COUNT XVI
(Blessing Hospital, Survival Act)

As her second cause of action against the Defendant BLESSING HOSPITAL the Plaintiff alleges:

8.     Contemporaneously with this Complaint the Plaintiff MICHELLE METZ has filed a Petition pursuant to 740 ILCS 180/2.1 to be named as Special Administrator of the Estate of Joyce Aaron.   See accompanying Petition for Appointment of Special Administrator.

9.     This count is brought pursuant to the Survival Act 55 ILCS 5/27-6 for the pain and suffering experienced prior to her death and funeral and burial expenses.

10. - 23.  Plaintiff repeats and re-alleges Paragraphs 10 - 23 of Count XV as and for Paragraphs 10 - 23 of Count XVI.

24.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions the Plaintiff's decedent experienced great pain and suffering before her death and incurred funeral and burial expenses as a result of her death.

25.    The Plaintiff attaches hereto an affidavit and report according to 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, respectfully requests judgment against the Defendant BLESSING HOSPITAL in the amount in excess of $75,000.00 and sufficient to compensate the estate for its loss and costs of suit.

### PLAINTIFF DEMANDS TRIAL BY JURY

**MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, by and through her attorneys LONDRIGAN, POTTER & RANDLE, P.C.**

By:    ___/s/Alexandra de Saint Phalle_____
ALEXANDRA de SAINT PHALLE
Bar Number: 0620815
Attorney for Defendants
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62703
Telephone: (217) 544-9823
alex@lprpc.com

**ALEXANDRA de SAINT PHALLE**
**Bar Number: 0620815**
**Attorney for Defendants**
**LONDRIGAN, POTTER & RANDLE, P.C.**
**1227 South Seventh Street**
**Post Office Box 399**
**Springfield, IL 62703**
**Telephone: (217) 544-9823**
**alex@lprpc.com**

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

MICHELLE METZ, as Special Administrator of the )
Estate of JOYCE AARON, deceased, )
                                                   )
                Plaintiff, )
                                                   )
vs. )      No. _____
                                                     )
TIMOTHY SMITH, D.O.; TODD PETTY, M.D.; )
MANOOCHER NASSERY, M.D.; HRISHIKESH P. )
GHANEKAR, M.D.; QUINCY PHYSICIANS & )
SURGEONS CLINIC, S.C. d/b/a QUINCY MEDICAL )
GROUP; WILLIAM BIRSIC, M.D.; BLESSING )
CORPORATE SERVICES, INC. d/b/a BLESSING )
PHYSICIAN SERVICES; and BLESSING )
HOSPITAL, )
                                                     )
                Defendants. )

**AFFIDAVIT OF ALEXANDRA de SAINT PHALLE**

Alexandra de Saint Phalle, being duly sworn on oath deposes and states:

1.    She is the attorney for the Plaintiff, MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased.

2.    She has consulted with a board certified surgeon who she believes is knowledgeable in the field of DVT prophylaxis and treatment of PE pertaining to the diagnosis and treatment of patients with ailments similar to those of JOYCE AARON.

3.    She believes that the surgeon she has consulted in this case is knowledgeable in the relevant issues involved in this action; he has practiced and published within the same field of medicine within the last six (6) years and she believes that this physician is qualified by experience or demonstrated competence in the subject matter of

this case.

    4.     She has obtained from this physician a written report stating that there is reasonable cause and a meritorious basis for bringing this action against TIMOTHY SMITH, D.O.; TODD PETTY, M.D.; MANOOCHER NASSERY, M.D.; HRISHIKESH P. GHANEKAR, M.D.; WILLIAM BIRSIC, M.D.; and BLESSING HOSPITAL.

    5.     Based on this report and conversations with the consultant, affiant has concluded that there is a reasonable and meritorious basis for bringing this action.

    6.     She has attached a copy of his report to this affidavit.

FURTHER AFFIANT SAYETH NOT.

_____
ALEXANDRA de SAINT PHALLE

SUBSCRIBED AND SWORN to before me this 6th day of April_____, 2009.

_____
NOTARY PUBLIC

**ALEXANDRA de SAINT PHALLE**
**LONDRIGAN, POTTER & RANDLE, P.C.**
**1227 South Seventh Street**
**P.O. Box 399**
**Springfield, IL 62705**
**Phone: (217) 544-9823**
**Fax: (217) 544-9826**

OFFICIAL SEAL
SANDRA L. DAVIS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-30-2009

Page 2 of 2

**JOSEPH A. CAPRINI, MD, MS, FACS, RVT**
**28 Coventry Road**
**Northfield, IL 60093**


Alex de Saint Phalle
Londrigan, Potter & Randle, P.C.
1227 So. 7th St.
P.O. Box 399
Springfield, IL  62705



Dear Ms. de Saint Phalle,

At your request, I have reviewed the medical records of
Joyce Aaron from Blessing Hospital for her admission of
June 8, 2008 as well as her prior records from the Quincy
Medical Group. Based on that review, I believe there is a
reasonable and meritorious basis for filing a law suit
against the following medical providers:

1.  Todd Petty, M.D., admitting surgeon with Quincy Medical
Group covering Joyce Aaron from 6/9/08 to 6/12/08;

2   Manoocher Nassery, M.D., pulmonologist, with Quincy
Medical Group covering Joyce Aaron for medical management
from 6/10/08 through 6/21/08.

3.  William I. Birsic, M.D., surgeon with Blessing
Physician Services covering Joyce Aaron 6/13/08 through
6/18/08.

4.  Timothy Smith, D.O., surgeon with Quincy Medical Group,
covering Joyce Aaron from 6/19/08 through 6/22/08;

5   Hrishikesh Ghanekar, M.D., internist and nephrologist
with Quincy Medical Group covering for Dr. Nassery on
6/22/08.

6.  Blessing Hospital, institution caring for Joyce Aaron
from 6/9/08 through 6/23/08.

The reasons for my conclusions are as follows: Todd Petty,

M.D., William I. Birsic, M.D. and Timothy Smith, D.O., each failed to complete the venous thromboembolism (VTE) physician risk assessment orders provided by Blessing Hospital and each failed to order low molecular weight heparin or low dose unfractionated heparin as DVT prophylaxis during the times listed above when they were taking care of Joyce Aaron. Each of these physicians should have known under the standard of care that intermittent pneumatic  compression boots were not sufficient to protect Joyce Aaron from the risks of VTE. Furthermore, reevaluation of the patient's thromboembolic risk during hospitalization when new risk factors developed was not correctly done as evidenced by the medical record, and represent a deviation from the standard of care.

It is my opinion that Manoocher Nassery, M.D. pulmonologist deviated from the standard of care by not raising the issue of appropriate VTE prophylaxis with the surgeons from 6/10/08 through 6/21/08.

I believe that Hrishikesh Ghanekar, M.D. deviated from the standard of care by failing to consider administering a weight adjusted bolus of unfractionated heparin IV at 10:15 am on 6/22/08 for presumptive pulmonary embolus to be given before Joyce Aaron was taken for a CT angio. Joyce Aaron would have benefitted from heparin if the tachycardia, dyspnea, chest pain and anxiety represented a major pulmonary embolus. I further believe that Dr. Ghanekar also deviated from the standard of care by not arriving promptly to see Joyce Aaron when informed of her condition at 10:15 am and not even considering heparin for the patient.

I believe that Timothy Smith, D.O. also deviated from the standard of care by failing to order a weight-adjusted full-dose bolus of unfractionated heparin IV on a STAT basis at 10:55 am on 6/22 for presumptive pulmonary embolus. I believe that Dr. Smith also deviated from the standard of care by not arriving promptly to see Joyce Aaron when informed of her condition at 10:55 am.

I believe that the non-physician employees of Blessing Hospital deviated from the standard of care by not carrying out on a STAT basis. Dr. Ghanekar's orders for a chest CT angiogram to r/o PE at 10:15 am on 6/22/08.

I believe that all acts described above contributed to Joyce Aaron's death due to a probable pulmonary embolus. More likely than not, had those measures been taken, Joyce Aaron would have survived. Even without appropriate DVT prophylaxis, if Joyce Aaron had been given a STAT dose of heparin at 10:15 am on 6/22, there is a greater than 50% chance she would have survived and not succumbed to cardiac arrest at 11:50 am.

I am a board certified general surgeon, currently licensed to practice medicine in the States of Illinois and Montana. My Illinois license # is IL 036-40418.

Sincerely,

Joseph A. Caprini, MD, MS, FACS, RVT
Louis W. Biegler Professor of Surgery and Bioengineering
Robert R. McCormick School of Engineering and Applied Sciences
Department of Surgery, NorthShore University HealthSystem, Evanston IL
Northwestern University Feinberg School of Medicine, Chicago, IL

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. _____ |
| TIMOTHY SMITH, D.O.; TODD PETTY, M.D.; MANOOCHER NASSERY, M.D.; HRISHIKESH P. GHANEKAR, M.D.; QUINCY PHYSICIANS & SURGEONS CLINIC, S.C. d/b/a QUINCY MEDICAL GROUP; WILLIAM BIRSIC, M.D.; BLESSING CORPORATE SERVICES, INC. d/b/a BLESSING PHYSICIAN SERVICES; and BLESSING HOSPITAL, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## AFFIDAVIT OF ALEXANDRA de SAINT PHALLE

Alexandra de Saint Phalle, being duly sworn on oath deposes and states:

1.      She is the attorney for the Plaintiff, MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased.

2.      She has consulted with a board certified internist and pulmonologist who she believes is knowledgeable in the field of DVT prophylaxis and treatment of PE pertaining to the diagnosis and treatment of patients with ailments similar to those of JOYCE AARON.

3.      She believes that the internist she has consulted in this case is knowledgeable in the relevant issues involved in this action; he has practiced within the same field of medicine within the last six (6) years and she believes that this physician is qualified by experience or demonstrated competence in the subject matter of this case.

Page 1 of 2

4.     She has obtained from this physician a written report stating that there is reasonable cause and a meritorious basis for bringing this action against MANOOCHER NASSERY, M.D.; HRISHIKESH P. GHANEKAR, M.D.; and BLESSING HOSPITAL.

5.     Based on this report and conversations with the consultant, affiant has concluded that there is a reasonable and meritorious basis for bringing this action.

6.     She has attached a copy of his report to this affidavit.


FURTHER AFFIANT SAYETH NOT.

_____
ALEXANDRA de SAINT PHALLE


SUBSCRIBED AND SWORN to before me this 6 th day of April_____, 2009.


_____
NOTARY PUBLIC

OFFICIAL SEAL
SANDRA L. DAVIS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-30-2009

**ALEXANDRA de SAINT PHALLE**
**LONDRIGAN, POTTER & RANDLE, P.C.**
**1227 South Seventh Street**
**P.O. Box 399**
**Springfield, IL 62705**
**Phone: (217) 544-9823**
**Fax: (217) 544-9826**


Page 2 of 2



**Bozeman Deaconess**
HEALTH GROUP

Alexandra de Saint Phalle
Londrigan, Potter & Randle, P.C.
1227 So. 7th St.
P.O. Box 1227
Springfield, IL  62705

Dear Ms. de Saint Phalle,

At your request, I have reviewed the medical records of Joyce
Aaron from Blessing Hospital for her admission of June 8, 2008 as well
as her prior records from the Quincy Medical Group.  Based on that
review, I believe there is a reasonable and meritorious basis for
filing a law suit against the medical providers Manoocher Nassery,
M.D., pulmonologist, who was covering Joyce Aaron for medical
management from 6/10 thru 6/21/08, Hrishikesh Ghanekar, M.D. internist
and nephrologist who was covering for Dr. Nassery on 6/22/08 and
Blessing Hospital, which was the hospital caring for Joyce Aaron from
6/9/08 through 6/23/08.

It is my opinion that Manoocher Nassery, M.D. pulmonologist
deviated from the standard of care by not discussing with the surgeons
from 6/10 through 6/21 appropriate VTE prophylaxis and initiating such
therapy.  Intermittent pneumatic  compression boots were not sufficient
to protect Joyce Aaron from the risks of VTE.  As the standard of care
dictates, Joyce Aaron needed either low dose heparin or lovenox
throughout her stay.

I believe that Hrishikesh  Ghanekar, MD deviated from the
standard of care by failing to order a weight adjusted full dose bolus
of unfractionated heparin IV on a stat basis  at 10:15 am on 6/22 for
presumptive pulmonary embolus to be given before Joyce Aaron was taken
for a CT angio.  Joyce Aaron needed heparin at this time because the
medical records reveal that she had developed a newly elevated pulse,
dyspnea, chest pain and anxiety.  Dr. Ghanekar also deviated from the
standard of care by not arriving promptly to see Joyce Aaron when
informed of her condition at 10:15 am and not ever ordering any heparin
for the patient.  I further believe that Dr. Ghanekar departed from
the standard of care by not ordering a portable chest x-ray to check
for tube placement on 6/22 immediately following Joyce Aaron's cardiac
arrest.

I believe that the non-physician employees of Blessing Hospital
deviated from the standard of care by not carrying out on a stat basis,
Dr. Ghanekar's orders for a "CT angio stat of chest to r/o PE" at 10:15
am on 6/22/08.

I believe that all of acts described above contributed to her
death.  I am a board certified internist and pulmonologist, currently
licensed to practice medicine in the States of Washington, California,
and Montana. My Montana license No. is 11728.

Yours truly,

Robert B. Schoene, M.D., F.A.C.P.

HIGHLAND HEALTH PARK
Tel: 406 522 2400 | Fax: 406 587 3610
905 Highland Boulevard, Suite 4500 | Bozeman, MT 59715
www.bozemandeaconess.org

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. _____ |
| BLESSING HEALTH SYSTEM; TODD PETTY, M.D.; MANOOCHER NASSERY, M.D.; WILLIAM BIRSIC, M.D.; TIMOTHY SMITH, M.D.; RISHI GHANEKER, M.D.; and QUINCY MEDICAL GROUP, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## PETITION FOR APPOINTMENT OF SPECIAL ADMINISTRATOR

NOW COMES MICHELLE METZ, by and through her attorneys LONDRIGAN,

POTTER & RANDLE, P.C. and requests the Court pursuant to 740 ILCS 180/2.1 to appoint

her as Special Administrator of the Estate of Joyce Aaron, deceased.  As grounds for this

Petition, Plaintiff states:

1.      Contemporaneously with the filing of this Petition, MICHELLE METZ is filing

an action for wrongful death based on diversity of citizenship pursuant to 740 ILCS 180/2

and 28 U.S.C. § 1332.  See accompanying complaint.

2.      MICHELLE METZ is one of Joyce Aaron's adult daughters.

3.      She is a citizen of the State of Colorado.

4.      Joyce Aaron, deceased, was a citizen of the State of Michigan at the time of

her death on June 23, 2008.

5.      Joyce Aaron died intestate.

1

6.     Other than a cause of action for wrongful death and survival act claims for injuries which arose in the two (2) weeks preceding her death, Joyce Aaron left no other assets subject to probate.

7.     Joyce Aaron left as her only heirs her daughter MICHELLE METZ and her daughter Misty Johnson.

8.     Misty Johnson consents to the appointment of MICHELLE METZ as Special Administrator of the Estate of JOYCE AARON, deceased.  See consent attached hereto.

WHEREFORE the Plaintiff MICHELLE METZ respectfully requests that the court appoint her as Special Administrator of the Estate of JOYCE AARON, deceased.

**MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, by and through her attorneys LONDRIGAN, POTTER & RANDLE, P.C.**

By:    /s/Alexandra de Saint Phalle
ALEXANDRA DE SAINT PHALLE
Bar Number: 0620815
Attorneys for Defendants
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62703
Telephone: (217) 544-9823
alex@lprpc.com

**ALEXANDRA de SAINT PHALLE**
**Bar Number: 0620815**
**Attorneys for Defendants**
**LONDRIGAN, POTTER & RANDLE, P.C.**
**1227 South Seventh Street**
**Post Office Box 399**
**Springfield, IL 62703**
**Telephone: (217) 544-9823**
**alex@lprpc.com**

2

## **VERIFICATION OF MICHELLE METZ**

I, MICHELLE METZ, certify, that under penalties as provided by 735 ILCS 5/1-109,

I have read the foregoing Petition for Appointment of Special Administrator and I have first

hand knowledge of the facts stated in paragraphs 2 - 7 of the Petition for Appointment of

Special Administrator and they are true and correct to the best of my knowledge.

MICHELLE METZ

3

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| MICHELLE METZ, as Special Administrator of the Estate of JOYCE AARON, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. _____ |
| BLESSING HEALTH SYSTEM; TODD PETTY, M.D.; MANOOCHER NASSERY, M.D.; WILLIAM BIRSIC, M.D.; TIMOTHY SMITH, M.D.; RISHI GHANEKER, M.D.; and QUINCY MEDICAL GROUP, | ) ) ) ) ) | |
| Defendants. | ) | |

**CONSENT TO APPOINTMENT OF SPECIAL ADMINISTRATOR**

Pursuant to the penalties provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies as follows:

1.     I have read the Petition for Appointment of Special Administrator of the Estate of JOYCE AARON.

2.     I have personal knowledge of the facts stated in paragraphs 2 - 7 and they are true and correct to the best of my knowledge.

3.     I consent to the appointment of MICHELLE METZ as Special Administrator of the Estate of JOYCE AARON, deceased.

Dated: 18-february-2009

MISTY JOHNSON